UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EUGENE STARSKI,<br>       Plaintiff<br><br>v.<br><br>ALEXANDER KIRSHNEV and<br>DAI SYNDITRADE LIMITED,<br>       Defendants | )<br>)<br>)<br>)<br>)   C.A. No. 05-CV10209 JLT<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT OF SETH S. STOFFREGEN IN SUPPORT OF PLAINTIFF'S
REQUEST FOR DEFAULT PURSUANT TO RULE 55(a)**

I, Seth S. Stoffregen, being duly sworn, hereby depose and state as follows:

1. I submit this affidavit in support of plaintiff's Request for Default Pursuant to Rule 55(a). I make the statements in this Affidavit based upon my own personal knowledge.

2. I am a member in good standing of the Supreme Judicial Court of Massachusetts, the United States District Court for the District of Massachusetts and the United States Court of Appeals for the First Circuit. I am the attorney of record for the plaintiff, Eugene Starski.

3. On behalf of the plaintiff I filed the Complaint and Jury Demand which is the subject of this dispute with this Court back on February 2, 2005. Plaintiff alleged that Defendant Kirzhnev and the company he founded and of which he was an officer, DAI Synditrade Limited had breached the contract they had with plaintiff,

that they had been unjustly enriched, they had converted plaintiff's property, that the defendants acted fraudulently and that the actions of the defendants constituted unfair and deceptive acts and practices under M.G.L. c. 93A. Plaintiff alleged that his damages were in excess of $25 million.

4. On February 3, 2005, I wrote to both defendants in this case, requesting that they waive and voluntarily accept service of the Summons and Complaint pursuant to Fed.R.Civ.P. 4 (d). Neither defendant responded within the thirty days set forth in Rule 4(d).

5. Plaintiff subsequently had the Summons and Complaint served on the defendants on March 13, 2005. Neither defendant has responded within the time period set forth in Fed.R.Civ.P. 12 (a)(A).

6. Based on earlier discussions the plaintiff had with defendant Kirzhnev in which plaintiff demanded his due compensation, plaintiff has felt all along that neither defendant would respond to the Summons and Complaint.

7. The defendant, Kirzhnev, is not an infant nor incompetent and is not engaged in the military service of the United States or its Allies. Defendant, DAI Synditrade Limited, is a corporate entity.

Signed and sworn to under the pains and penalties of perjury this 7th day of April 2005.

_____
Seth S. Stoffregen