UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
EUGENE STARSKI,                     )
                                    )   CIVIL ACTION NO. 05-10209-JLT
           Plaintiff,               )
v.                                  )
                                    )
ALEXANDER KIRSHNEV and DAI          )
SYNDITRADE LIMITED,                 )
                                    )
           Defendants.              )
_____)

**DEFENDANTS' ALEXANDER KIRSHNEV AND DAI SYNDITRADE LIMITED'S MOTION TO DISMISS PLAINTIFF EUGENE STARSKI'S COMPLAINT, WITH <u>INCORPORATED MEMORANDUM OF LAW</u>**

Defendants Alexander Kirshnev ("Kirshnev") and DAI Synditrade Limited ("DAIS"), through counsel, hereby move, pursuant to Rules 12(b)(5) and 12(b)(2) of the Federal Rules of Civil Procedure, to dismiss the Complaint filed by Plaintiff Eugene Starski ("Starski") in its entirety on the grounds that Starski has failed to effect proper service on either of the Defendants and because this Court also lacks personal jurisdiction over the Defendants. Additionally, Defendants move to dismiss Counts IV and V of the Complaint pursuant to Fed.R.Civ.P. 12(b)(6). Even apart from the insufficient service of process and the lack of personal jurisdiction, both of these counts should be dismissed in their entirety for failure to state a claim upon which relief may be granted.

Kirshnev and DAIS submit this memorandum of law in support of their motion to dismiss.

**STANDARDS FOR DISMISSAL**

**I.      FOR INSUFFICIENT SERVICE OF PROCESS (FED.R.CIV.P. 12(b)(5).**

Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, dismissal of a complaint for insufficient service of process is warranted where plaintiff fails to comply with the requirements set forth in Rule 4 of the Federal Rules of Civil Procedure – i.e., the Rule delineating the proper manner for affecting service of a summons and complaint on a defendant. See Garfinkle v. Arizona Land Corp., 260 F.Supp. 189 (D. Mass. 1966) (dismissing complaint where plaintiff failed to sustain burden of proving defendant corporation was doing business in Massachusetts and was thus subject to service of process in Massachusetts under applicable Massachusetts law.); Shore v. Cornell-Dubilier Electric Corp., 33 F.R.D. 5 (D. Mass. 1963) (dismissing complaint for insufficiency of service of process). Rule 4(e)(2) provides in pertinent part that service upon individuals within a judicial district of the United States may be made "by delivering a copy of the summons and the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." With respect to service upon individuals in a foreign country, Rule 4(f) provides that service may be made "by any internationally agreed means reasonably calculated to give notice" or, if no such means exists, then service may be made by other means that are "reasonably calculated" to give notice: (i) in the manner prescribed by the law of the foreign country for service in that country; or (ii) as directed by the foreign authority in response to a letter rogatory or letter of request; or (iii) unless prohibited by law, by delivery to the individual personally of a copy of the summons and the complaint; or any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served. Finally, Rule 4(h)(2) provides that

a foreign corporation may be served "in any manner prescribed for individuals by [Rule 4(f)] except personal delivery . . . ."

## II.     FOR LACK OF PERSONAL JURISDICTION (FED.R.CIV.P. 12(b)(2)).

In Massachusetts, a court may exercise personal jurisdiction over a foreign defendant if such jurisdiction is authorized by the state long-arm statute, and its exercise does not offend the Due Process Clause of the Fourteenth Amendment. Tatro v. Manor Care, Inc., 416 Mass. 763, 772 (1994). The Massachusetts long-arm statute provides, in pertinent part, that a court may exercise personal jurisdiction over a person arising from the person's:

> (a) transacting any business in this commonwealth;
>
> (b) contracting to supply services or things in this commonwealth;
>
> (c) causing tortuous injury by an act or omission in this commonwealth
>
> (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;
>
> (e) having an interest in, using or possessing real property in this commonwealth; or
>
> (f) contracting to insure any person, property or risk located within this commonwealth at the time of contracting.

G.L. c. 223A, §3. When a defendant contests personal jurisdiction, the burden falls upon the plaintiff to proffer evidence establishing that personal jurisdiction over the defendant is appropriate. Andresen v. Diorio, 349 F.3d 8, 12 (1st Cir. 2003); Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 145 (1st Cir. 1995). Plaintiff is required to show that the Defendants "had such connections with the state or with the events within the state pertinent to the claim as to permit the constitutional exercise of jurisdiction under a state long arm statute." Andresen, 349 F.3d at 12.

3

**III.   FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED (FED.R.CIV.P. 12(b)(2).**

A motion to dismiss should be granted when a plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "While a plaintiff need not plead evidence, he must state facts which, if proven, would entitle him to relief." Sandler v. Eastern Airlines, Inc., 649 F.2d 19, 20 (1st Cir. 1981).

**ARGUMENT**

**I.   PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS.**

   A.   Insufficient Service Of Process On Kirshnev.

In light of the fact that Defendants Kirshnev and DAIS were never properly served in this case, Plaintiff's Complaint must be dismissed for insufficient service of process. Shore v. Cornell-Dubilier Electric Corp., 33 F.R.D. 5 (D. Mass. 1963). The only service attempted to be made on Kirshnev consisted of Plaintiff's agent leaving a copy of the summons and complaint with a housekeeper at a house rented by Kirshnev in Connecticut. This Court held in Shore that leaving of service of process with a person described as defendant's housekeeper at a house owned by a nonresident defendant but which was not used as his usual and normal residence was insufficient. Id. at 5-6. The Court explained:

> If a defendant is not served personally or through an agent authorized by appointment or by operation of law to receive process, the service is valid only if left at his "dwelling house or usual place of abode" . . . . The cases make clear that it is not enough to leave a summons at a house that defendant owns or occupies from time to time. The house must be his usual and normal residence.

Id. at 6.

Applying this Court's reasoning from Shore, the attempted service in this case is obviously inadequate. Kirshnev was not served personally, nor was he served through an agent

4

he appointed. Indeed, the only attempt to effect service on Kirshnev in this case was made by Plaintiff's agent on a housekeeper at a home that Kirshnev rented for his family and his occasional use – i.e., not his "dwelling house or usual place of abode" as required by Fed.R.Civ.P. 4(e)(2). Accordingly, pursuant to Fed.R.Civ.P. 12(b)(5), the Complaint against Kirshnev must be dismissed for insufficiency of process.

   B.  <u>Insufficient Service of Process on DAIS</u>.

Plaintiff has made no attempt to comply with the Federal Rules of Civil Procedure for effecting service on DAIS, a foreign corporation. <u>See</u> Fed.R.Civ.P. 4(h)(2). Again, the only attempt to effect service on Defendants in this case was made by Plaintiff's agent on a housekeeper at a home that Kirshnev rented for his family and his own occasional use. Because Plaintiff's attempt at service on DAIS is insufficient as a matter of law, the Complaint against DAIS must be dismissed. <u>Garfinkle</u>, 260 F.Supp. at 192-193 (dismissing complaint for insufficiency of service on foreign corporation); Fed.R.Civ.P. 12(b)(5).

**II. PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR LACK OF JURISDICTION OVER THE PERSON.**

The Complaint must be dismissed because personal jurisdiction over Kirshnev, who at all material times has resided in Connecticut and Russia, is lacking. Starski has failed to allege requisite facts to establish a basis for this Court's assertion of personal jurisdiction over the Defendants. According to the Complaint, Kirshnev is a resident of Connecticut and DAIS is a foreign corporation. Complaint, ¶4. Starski's vague, conclusory and self-serving allegation that "[t]he establishment of the business relationship and the agreement of the essential elements of the contract which form the nexus of the business relationship and which are central to this dispute all occurred in Massachusetts" does not support the exercise of personal jurisdiction over the non-resident Defendants. Notably Starski has not alleged that Defendants have an office or

place of business in Massachusetts, own property in Massachusetts, have Massachusetts bank accounts, telephone listings or mailing addresses, sell goods or provide services in Massachusetts, are registered with the Massachusetts Secretary of State or have appointed an agent in Massachusetts to receive process. Indeed the only connection with Massachusetts for which Starski offers any specific information whatsoever relates to one meeting in Boston, Massachusetts wherein the parties allegedly discussed a "possible business arrangement." Complaint, ¶ 11. Notably Starski neglects to specify the location where the parties entered into their written contract (Complaint, ¶ 12). Other than the reference to the one Boston meeting, Plaintiff's Complaint is utterly devoid of any jurisdictional facts. As for DAIS, the Complaint itself indicates that Kirshnev did not even *create* DAIS until more than sixteen months after the execution of the written contract. Complaint, ¶¶ 12, 16. In other words, a foundation for personal jurisdiction *over DAIS* cannot possibly be supported by contacts made in the late summer of 2000, at the time of Starski's meeting with Kirshnev in Boston, where, according to the Complaint itself, *DAIS did not even exist until March, 2002*. See Complaint, ¶¶11, 12, 16.

Moreover, Starski has not alleged that Defendants ever contracted to supply any services or things in Massachusetts, that they solicit business or derive substantial revenue from goods used or services rendered in Massachusetts, that they have an interest in real property in the state, or that they have contracted to insure any person, property or risk in the state. Accordingly, there is no basis for the exercise of personal jurisdiction over Defendants under M.G.L. c. 223A, §3(b), (d), (e) or (f).

In sum, the Complaint fails to allege the requisite Massachusetts contacts to justify the Court's exercise of personal jurisdiction over Kirshnev and DAIS.

6

### III. PLAINTIFF HAS FAILED TO PLEAD HIS FRAUD CLAIM (COUNT IV) WITH THE REQUIRED PARTICULARITY AND HAS NOT PLED THE ESSENTIAL ELEMENTS OF A FRAUD CLAIM.

Contrary to general rules of notice pleading, allegations of fraud must be stated with particularity. See Nota Construction Corporation v. Keyes Associates, Inc., 45 Mass.App.Ct. 15, 16 (1998); Fed.R.Civ.P. 9(b). "[A] complaint alleging fraud must specify (1) the statements that the plaintiff contends were fraudulent, (2) the identity of the speaker, (3) where and when the statements were made, and (4) why the statements were fraudulent." In re Peritus Software Services, Inc. Securities Litigation, 52 F. Supp.2d 211, 219 (D.Mass. 1999); J. Smith & H. Zobel, 6 Massachusetts Practice, §9.3 at 249-50 (1974) (fraud complaint should particularize the contents, the speaker, and when and where the misrepresentation took place). Moreover, to succeed on a fraud claim in Massachusetts, a plaintiff must allege and prove that a defendant made a "false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon it to his damage." Barrett Associates, Inc. v. Aronson, 346 Mass. 150, 152 (1963); Sands v. Ridefilm Corp., 212 F.3d 657, 663 (1st Cir. 2000). Applying these criteria, the fraud allegations in Starski's Complaint fail in virtually every respect.

Starski's Complaint contains only the most general allegations concerning the time, place and content of the purported fraud. For example, the Complaint alleges that, at unspecified times and places, Kirshnev made certain verbal and written assurances concerning proceeds and fees that might be earned if the "debt swap" transaction were to take place. Starski neglected to provide the dates or contents of these "assurances" nor has he described the means of communication or the location of the parties at the times of these communications. Complaint, ¶38. In addition to these general allegations about assurances and representations, the Complaint

Case 1:05-cv-10209-JLT    Document 10    Filed 04/14/2005    Page 8 of 11

also alleges that Kirshnev intentionally liquidated, concealed and/or removed his assets in an effort to defraud Starski.  Complaint, ¶¶42, 43.

The alleged statements are not actionable fraud because they are merely "promissory" concerning future events and do not misrepresent presently existing *facts*.  "Statements promissory in nature, of course, are not actionable."  Barrett Associates, 346 Mass. at 153; Galotti v. United States Trust Co., 335 Mass. 496, 501 (1957) ("Ordinarily a promise alone does not furnish basis for an action of deceit").  Under limited circumstances a misrepresentation about one's present intention to carry out a promise can be a misrepresentation of fact.  See Galotti, 335 Mass. at 501.  However, the requisite intention not to perform a promise at the time the promise was made "cannot be shown merely by nonperformance of the promise."  Botti v. Iovino, 337 Mass. 775 (1958) (rescript); Galotti, 335 Mass. at 501.  Rather, an intention not to perform the promise at the time the promise was made must be specifically alleged.  See Botti, 337 Mass. at 775; Fanger v. Leeder, 327 Mass. 501, 506 (1951) ("There is no allegation whatever as to the intent of the defendant at the time the promise was made").  The allegations concerning Kirshnev's intent concern the time period "after he entered the contract with Starski," and not the time period when contract was made.  See Complaint, ¶41.

Accordingly, because Starski's fraud count does not approach the level of particularity required by Rule 9(b), and the alleged statements on which he relies do not misrepresent presently existing *facts*, the fraud count should be dismissed.

### IV. PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER M.G.L. c. 93A (COUNT V).

In Count 5 of his Complaint, Starski purports to state a claim against Defendants pursuant to M.G.L. c. 93A, § 11.  Sections 2 and 11 of chapter 93A make it unlawful for those engaged in trade or commerce to employ "unfair or deceptive acts or practices" in business transactions with

8

others engaged in trade or commerce.  To be actionable under the statute, any such conduct must occur "primarily and substantially within the Commonwealth."  <u>See</u> <u>generally</u> M.G.L. c. 93A, §§2, 11.  <u>See</u> <u>also</u> <u>Amcel Corp. v. International Executive Sales, Inc</u>., 170 F.3d 32, 34 (1st Cir. 1999) (motion to dismiss; assessing the sufficiency of complaint's "primarily and substantially" allegation); <u>M & I Heat Transfer Products, Ltd. v. Gorchev</u>, 141 F.3d 21, 23 (1st Cir. 1998) (chapter 93A is "expressly limited" to claims arising "primarily and substantially" in Massachusetts).

Because litigation under chapter 93A is "rampant," courts assess such claims rigorously. <u>Johnson v. Koplovsky Foods, Inc</u>., 5 F. Supp.2d 48, 55 (D.Mass. 1998), quoting <u>Quaker State Oil Refining Corp. v. Garrity Oil Co</u>., 884 F.2d 1510, 1513 (1st Cir. 1989).  Section 11 of chapter 93A unambiguously states, "No action shall be brought or maintained under this section unless the actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive act or practice occurred primarily and substantially within the commonwealth."  G.L. c. 93A, §11, ¶8.  Conspicuously missing from Count V of Starski's Complaint is the routine allegation that Defendants' actionable conduct occurred "primarily and substantially" in Massachusetts.  <u>See</u> <u>generally</u> Complaint ¶¶ 46-50.

Plaintiff's conclusive and unsupported allegation that "the establishment of the business relationship and the agreement of the essential elements of the contract which form the nexus of the business relationship and which are central to this dispute all occurred in Massachusetts" misses the mark.  Complaint, ¶5. The dealings, conversations and assurances Starski purports to recount in his Complaint lack any specific reference to *where the parties were located* when defendants made their various allegedly false and misleading statements or how those statements were conveyed to him.  Indeed, the Complaint alleges actions and inactions in other states, e.g., Connecticut (Complaint, ¶41), and in other countries, namely Vietnam and Russia.  Starski's

9

failure to allege that the allegations supporting his claim under M.G.L. c. 93A occurred "primarily and substantially" in the Commonwealth compels the dismissal of Count V against the Defendants.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court enter an order dismissing Counts IV and V of Plaintiff's Complaint.

## REQUEST FOR ORAL ARGUMENT

Defendants believe that oral argument may assist the Court and therefore request to be heard.

Respectfully submitted,

DEFENDANTS ALEXANDER KIRSHNEV AND DAIS SYNDITRADE LIMITED,

By their Attorneys,

Peter Charles Horstmann, Esquire (BBO # 556377)
Terence K. Ankner, Esquire (BBO #552469)
PARTRIDGE, ANKNER & HORSTMANN, LLP
200 Berkeley Street, 16th Floor
Boston, Massachusetts 02116
(617) 859-9999

Dated: April 14, 2005

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 14th of April, 2005, a copy of the foregoing DEFENDANTS' ALEXANDER KIRSHNEV AND DAI SYNDITRADE LIMITED'S MOTION TO DISMISS PLAINTIFF EUGENE STARSKI'S COMPLAINT, WITH INCORPORATED MEMORANDUM OF LAW was served by mail upon Seth S. Stoffregen, Esquire, Chatham Center, 29 Crafts Street, Suite 500, Newton, Massachusetts 02460.

Peter Charles Horstmann, Esquire

## LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

I, Peter Charles Horstmann, Esquire, hereby certify that I have conferred with opposing counsel and have attempted in good faith to resolve or narrow the issues presented in this motion.

Peter Charles Horstmann, Esquire